KENDRA J. THIGPEN v. CORAZON NGO, M.D., MARSHALL B. FRINK, M.D., NATIONAL EMERGENCY SERVICES, INC., EMERGENCY PHYSICIANS ASSOCI-ATION, INC., CP/NATIONAL, INC. A/K/A COMMUNITY PHYSICIANS/NATIONAL, INC., AND ONSLOW COUNTY HOSPITAL AUTHORITY

No. 292A01

(Filed 1 February 2002)

**1. Medical Malpractice— certification—interplay of Rules 9(j) and 15**

It was not necessary to discuss the interplay between N.C.G.S. § 1A-1, Rules 9(j) and 15 in an action involving the required certification for filing a medical malpractice action where the trial court dismissed the action for failure to comply with Rule 9(j) and did not base its ruling on the interaction of the two rules. *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, is distinguished.

**2. Medical Malpractice— certification—added to amended complaint**

The trial court correctly dismissed a medical malpractice complaint for failure to comply with N.C.G.S. § 1A-1, Rule 9(j) where plaintiff requested and received a 120-day extension to comply with the certification mandate on the day before the statute of limitations would have expired, filed her complaint without the certification, and filed an amended complaint which included the certification after the statute of limitations had expired. The specific mandate of Rule 9(j) prevails over other general rules; permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict with the clear intent of the legislature.

**3. Medical Malpractice— certification—amended com-plaint—allegation that review occurred before original complaint—required**

An amended medical malpractice complaint which failed to allege that review of the medical care took place before the filing of the original complaint did not satisfy the certification require-ments of N.C.G.S. § 1A-1, Rule 9(j). Allowing a plaintiff to file a medical malpractice complaint and then wait until after the filing to have the allegations reviewed by an expert would pervert the purpose of Rule 9(j).

THIGPEN v. NGO

[355 N.C. 198 (2002)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 143 N.C. App. 209, 545 S.E.2d 477 (2001), reversing an order entered 17 November 1999 by Hockenbury, J., in Superior Court, Onslow County. On 19 July 2001, the Supreme Court granted defendant Corazon Ngo's and defendant Onslow County Hospital Authority's petitions for discretionary review of additional issues. Heard in the Supreme Court 13 November 2001.

*Jimmy F. Gaylor for plaintiff-appellee.*

*Harris, Creech, Ward and Blackerby, P.A., by C. David Creech and W. Gregory Merritt, for defendant-appellant Corazon Ngo, M.D.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP, by John D. Madden and Deanna Davis Anderson, for defendant-appellant Onslow County Hospital Authority.*

WAINWRIGHT, Justice.

This case arises from an order of the trial court dismissing plaintiff's complaint alleging medical malpractice because of plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure and dismissing, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, plaintiff's amendment to the complaint because it is barred by the applicable statute of limitations, N.C.G.S. § 1-15(c) (1999).

Kendra Thigpen (plaintiff) alleges defendants Dr. Corazon Ngo (Ngo) and Onslow County Hospital Authority (OCHA) committed medical malpractice in June 1996. On 8 June 1999, before the three-year statute of limitations was to expire, plaintiff filed a motion to extend the statute of limitations 120 days to file a medical malpractice complaint against defendants. In her motion, plaintiff stated she "need[ed] additional time to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure" and "move[d] to extend the statute of limitations for a period *not to exceed* 120 days." (Emphasis added.) The motion was signed by plaintiff's attorney. Pursuant to Rule 9(j), the trial court granted plaintiff's motion. In the order extending the statute of limitations, the trial court determined that "good cause exists for granting [plaintiff's motion and that] the ends of justice will be served by an extension." The order specifically extended the statute of limitations through 6 October 1999.

On 6 October 1999, the final day of the extended deadline, plaintiff filed a medical malpractice complaint. The complaint did not contain the certification required by Rule 9(j). *See* N.C.G.S. § 1A-1, Rule 9(j) (1999). Namely, the complaint did not specify that the medical care had been reviewed by an expert prior to filing. On 12 October 1999, six days after the statute of limitations expired, plaintiff filed an amended complaint including a certification that the "medical care has been reviewed" by someone who would qualify as an expert.

Defendants Ngo and OCHA filed motions to dismiss on 4 and 10 November 1999, respectively, because plaintiff's amended complaint was not filed prior to the court-extended statute of limitations. On 17 November 1999, the trial court granted both defendants' motions to dismiss pursuant to Rules 9(j) and 12(b)(6). The trial court dismissed plaintiff's complaint with prejudice, finding that "Plaintiff's original Complaint did not contain a certification that the care rendered by Defendants had been reviewed by an expert witness reasonably expected to testify that the care rendered to Plaintiff did not comply with the applicable standard of care as required by Rule 9(j)."

The Court of Appeals reversed the trial court and reinstated plaintiff's cause of action. *Thigpen v. Ngo*, 143 N.C. App. 209, 219, 545 S.E.2d 477, 483 (2001). The Court of Appeals held "plaintiff was entitled to amend her initial complaint to include the necessary Rule 9(j) certification." *Id.* We disagree.

[1] At the outset, we note the Court of Appeals discussed the interplay between Rule 9(j) and Rule 15 of the North Carolina Rules of Civil Procedure. *Id.* at 211-19, 545 S.E.2d at 479-83. We find the relationship between these two rules to be neither dispositive nor relevant to this case. The trial court dismissed plaintiff's complaint with prejudice because it did not comply with Rule 9(j) and was therefore filed outside the statute of limitations. The trial court did not base its ruling on the interaction between Rules 9(j) and 15, and we find it unnecessary to address that relationship here.

The Court of Appeals also relied on this Court's decision in *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), to assist its analysis of the interaction between Rules 9(j) and 15. *Thigpen*, 143 N.C. App. at 213, 545 S.E.2d at 480. In *Brisson*, we held the plaintiffs in a medical malpractice case who failed to include the 9(j) expert certification could take a voluntary dismissal pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil

Procedure to effectively extend the statute of limitations. *Brisson*, 351 N.C. at 597, 528 S.E.2d at 573. We find the facts in *Brisson* distinguishable from those in the present case. Specifically, in *Brisson*, this Court noted the trial judge "reserved ruling on defendants' motion to dismiss," and plaintiffs subsequently took a voluntary dismissal. *Id.* at 592, 528 S.E.2d at 570. Additionally, the plaintiffs in *Brisson* did not request the 120-day extension provided by Rule 9(j). *Brisson*, 351 N.C. 589, 528 S.E.2d 568. In *Brisson*, we stated, "Had the trial court involuntarily dismissed plaintiffs' complaint with prejudice pursuant to defendants' motion *before* plaintiffs had taken the voluntary dismissal, then plaintiffs' claims set forth in the second complaint would be barred by the statute of limitations." *Id.* at 595, 528 S.E.2d at 572. Any reliance by the Court of Appeals on our decision in *Brisson* was thus flawed.

**[2]** Defendants first argue the trial court's dismissal of plaintiff's complaint was mandatory under Rule 9(j). We agree. The North Carolina Rules of Civil Procedure address pleadings in medical malpractice suits. Rule 9(j) mandates:

(j) *Medical malpractice.—Any* complaint alleging medical malpractice by a health care provider . . . *shall be dismissed* unless:

(1) The pleading *specifically* asserts that the medical care *has been reviewed* by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

(2) The pleading specifically asserts that the medical care *has been reviewed* by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint . . . .

N.C.G.S. § 1A-1, Rule 9(j), para. 1(1), (2) (emphasis added).

Further, Rule 9(j) allows a plaintiff to extend the filing time to comply with the expert certification requirement:

THIGPEN v. NGO

[355 N.C. 198 (2002)]

> Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action *in order to comply with this Rule,* upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

*Id.,* para. 2 (emphasis added).

"When the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *State ex rel. Util. Comm'n v. Edmisten,* 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). Rule 9(j) clearly provides that "*[a]ny* complaint alleging medical malpractice . . . *shall* be dismissed" if it does not comply with the certification mandate. N.C.G.S. § 1A-1, Rule 9(j), para. 1 (emphasis added). Contrary to the holding of the Court of Appeals, we find the inclusion of "shall be dismissed" in Rule 9(j) to be more than simply "a choice of grammatical construction." *Thigpen,* 143 N.C. App. at 215, 545 S.E.2d at 481. While other subsections of Rule 9 contain requirements for pleading special matters, no other subsection contains the mandatory language "shall be dismissed." This indicates that medical malpractice complaints have a distinct requirement of expert certification with which plaintiffs must comply. Such complaints will receive strict consideration by the trial judge. Failure to include the certification necessarily leads to dismissal.

Rule 9(j) grants a trial judge the discretion to permit a 120-day extension of the statute of limitations "*in order to comply* with this Rule." N.C.G.S. § 1A-1, Rule 9(j), para. 2 (emphasis added). The extension of the statute of limitations is not automatic. The trial judge may allow a motion to extend the statute of limitations only "upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension." *Id.*

Additionally, the plain language of Rule 9(j) requires dismissal but does not specify whether the dismissal shall be with or without prejudice. "The trial court's authority to order an involuntary dismissal without prejudice is . . . in the broad discretion of the trial court. . . ." *Whedon v. Whedon,* 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985). When acting pursuant to Rule 9(j), trial judges, with their unique perspective, have the discretion to dismiss without prejudice if they see fit.

**THIGPEN v. NGO**

[355 N.C. 198 (2002)]

While our Rules of Civil Procedure contain many rules address-ing pleadings generally, Rule 9(j) specifically addresses extensions of time to file a medical malpractice complaint where the complaint lacks expert certification. The title of Rule 9, "Pleading special mat-ters," plainly signals the statute's tailoring to address distinct situa-tions set out in the statute. We have stated:

"Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giv-ing effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, according to the authorities on the question, unless it appears that the legislature intended to make the general act controlling . . . ."

*National Food Stores v. N.C. Bd. of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966) (quoting 82 C.J.S. *Statutes* § 369, at 839-43 (1953)), *quoted in McIntyre v. McIntyre*, 341 N.C. 629, 631, 461 S.E.2d 745, 747 (1995). Accordingly, the specific mandate of Rule 9(j) that a medical malpractice claim shall be dismissed if it does not contain the expert certification prevails over other general rules.

Furthermore, our analysis reveals the legislature intended Rule 9(j) to control pleadings in medical malpractice claims. Legislative intent is determined by examining the statute as a whole including the spirit of the act and the objectives the statute seeks to accom-plish. *Brown v. Flowe*, 349 N.C. 520, 522, 507 S.E.2d 894, 895 (1998). "In the interpretation of statutes the legislative will is the controlling factor." *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 294 (1975).

The General Assembly added subsection (j) of Rule 9 in 1995 pur-suant to chapter 309 of House Bill 730, entitled, "An Act to Prevent Frivolous Medical Malpractice Actions by Requiring that Expert Witnesses in Medical Malpractice Cases Have Appropriate Qualifications to Testify on the Standard of Care at Issue and to Require Expert Witness Review as a Condition of Filing a Medical Malpractice Action." Act of June 20, 1995, ch. 309, 1995 N.C. Sess. Laws 611. The legislature specifically drafted Rule 9(j) to govern the initiation of medical malpractice actions and to require physician review as a condition for filing the action. The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in

medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint. Accordingly, permitting amendment.of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.

In the case at bar, in her original complaint, plaintiff failed to comply with the Rule 9(j) certification mandate. No party disputes that plaintiff requested and received the 120-day extension to comply with the certification mandate on the very day before the three-year statute of limitations would have expired. In spite of the lengthy extension, plaintiff still failed to include any certification in her complaint. In light of the specific, unambiguous, and plain language of Rule 9(j); the legislative intent of the statute; and the record and facts in this particular case, we hold the trial court correctly dismissed plaintiff's complaint.

[3] This Court also granted discretionary review to determine if an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j). We hold it does not. To survive dismissal, the pleading must "specifically assert[] that the medical care *has been reviewed.*" N.C.G.S. § 1A-1, Rule 9(j), para. 1(1), (2) (emphasis added). Significantly, the rule refers to this mandate twice (in subsections (1) and (2)), and in both instances uses the past tense. *Id.* In light of the plain language of the rule, the title of the act, and the legislative intent previously discussed, it appears review must occur *before* filing to withstand dismissal. Here, in her amended complaint, plaintiff simply alleged that "[p]laintiff's medical care *has been reviewed* by a person who is reasonably expected to qualify as an expert witness." (Emphasis added.) There is no evidence in the record that plaintiff alleged the review occurred before the filing of the original complaint. Specifically, there was no affirmative affidavit or date showing that the review took place before the statute of limitations expired. Allowing a plaintiff to file a medical malpractice complaint and to then wait until after the filing to have the allegations reviewed by an expert would pervert the purpose of Rule 9(j).

As a final matter, this Court allowed discretionary review of the issue of whether a plaintiff who files a complaint without expert certification pursuant to Rule 9(j) can cure that defect after the applicable statute of limitations expires by amending the complaint as a mat-

ter of right and having that amendment relate back to the date of the original complaint. In light of the particular facts and record before us, we hold discretionary review was improvidently allowed as to this issue.

In sum, based on this record, we hold that once a party receives and exhausts the 120-day extension of time in order to comply with Rule 9(j)'s expert certification requirement, the party cannot amend a medical malpractice complaint to include expert certification. Further, we hold that Rule 9(j) expert review must take place before the filing of the complaint. We therefore reverse the decision of the Court of Appeals with instructions for that court to reinstate the trial court's order dismissing plaintiff's complaint.

REVERSED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.