LENTON CREDELLE BROWN, Administrator of the Estate of Clamon Brown, Plaintiff v. KINDRED NURSING CENTERS EAST, L.L.C., KINDRED HEALTH CARE OPERATING, INC., KINDRED HEALTH CARE, INC., PATRICIA EVELYN DIX, N.P., STEVEN FERGUSON, M.D., and EASTERN CAROLINA FAMILY PRACTICE, P.A., Defendants

No. COA08-584

(Filed 5 May 2009)

**Medical Malpractice— Rule 9(j) certification—amended complaint filed within extended limitations period**

The trial court erred by dismissing with prejudice plaintiff's complaint for medical malpractice under N.C.G.S. § 1A-1, Rule 9(j) because: (1) plaintiff sought and received a Rule 9(j) extension and filed his amended complaint complying with Rule 9(j) within the extended limitations period; (2) nothing in the statute required that a motion for the extension be granted prior to the expiration of the statute of limitations, but only that the motion be brought prior to the expiration of the statute of limitations; (3) nothing in the statute required plaintiff to seek this extension prior to the filing of an original complaint, but only that it be sought in order to file a complaint that complied with the pleading requirements; (4) even if plaintiff's original pro se complaint was treated as a legal nullity, the amended complaint,

treated as an original complaint filed within the extended limitations period, contained the requisite Rule 9(j) certification; and (5) the legislature included a provision allowing for up to 120 days "in order to comply with this Rule" upon a showing of good cause, and otherwise the ability to obtain an extension would serve no purpose.

Judge ELMORE dissenting.

Appeal by plaintiff from order entered 10 March 2008 by Judge Cy A. Grant, Sr., in Hertford County Superior Court. Heard in the Court of Appeals 19 November 2008.

*Gugenheim Law Offices, P.C., by Stephen J. Gugenheim, for plaintiff-appellant.*

*Harris, Creech, Ward and Blackerby, P.A. by Thomas E. Harris, W. Gregory Merritt, and Jay C. Salsman, for defendants-appellees.*

JACKSON, Judge.

Lenton Credelle Brown ("plaintiff") appeals the 10 March 2008 dismissal, with prejudice, of his complaint against Patricia Evelyn Dix, N.P., Steven Ferguson, M.D., and Eastern Carolina Family Practice, P.A.[1] ("defendants"), for negligence, wrongful death, and medical malpractice. For the reasons stated below, we reverse.

On or about 24 December 2002, Clamon Brown ("Brown") was admitted to Guardian Care of Ahoskie. Approximately one year later, Brown received a feeding tube. By March 2004, Brown's feeding tube had been replaced with a smaller one. On 25 March 2004, nursing staff first noticed problems with the feeding tube. Over the course of the next several days, the tube continued to leak and was replaced with larger and larger tubes in an attempt to correct the problem. On 2 April 2004, Brown was admitted to a hospital; he was septic, malnourished, and dehydrated. He died approximately twelve hours later.

Plaintiff is Brown's son. On 29 March 2006, plaintiff, as administrator of Brown's estate, filed a *pro se* complaint (the "original complaint")[2] in Hertford County Superior Court alleging that his father's

---

1. The remaining defendants in the original suit are not parties to this appeal.

2. The original complaint did not name Patricia Evelyn Dix, N.P. or Eastern Carolina Family Practice P.A. as defendants.

feeding tube had been improperly replaced with a much smaller one, and that Brown had "died an agonizing slow and painful death with bed sores covering large portions of his body" as a result of the "poor care" administered by defendants at Guardian Care of Ahoskie, where Brown was an Alzheimer's patient.

On that same date, plaintiff drafted[3] a "Request For 9J Extension." Two days later, on 31 March 2006, plaintiff filed a "Motion for 9J Extension," which included language identical to his previous "Request For 9J Extension" with the addition of a statement that his motion was filed within the period allowed by law.

On 3 May 2006, then-defendants filed motions to dismiss, arguing that plaintiff's complaint did not comply with the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. They contended (1) that plaintiff's complaint did not assert that the questioned medical care had been reviewed by a person who was reasonably expected to qualify as an expert witness or whom plaintiff would seek to have qualified as an expert witness who was also willing to testify that the medical care did not meet the applicable standard of care, (2) that plaintiff's 9(j) "Extension Request demonstrates that expert review of the claim did not take place before the complaint was filed," (3) that the trial court did not enter an order granting an extension of time in accordance with Rule 9(j), and (4) that plaintiff's statute of limitations had expired as a result of his failure to comply with Rule 9(j).

Plaintiff filed a request to amend his complaint on 24 May 2006. On 31 May 2006, plaintiff filed a response to the motions to dismiss. On 2 June 2006, the trial court granted "plaintiff's motion for a 120 day extension for filing a 9J Statement" and made the "motion retroactive to March 29, 2006." On 11 July 2006, plaintiff—now represented by counsel—again moved to file an amended complaint to include the Rule 9(j) pleading requirements, as well as to add additional defendants.[4]

On 18 September 2007, defendants brought a motion to dismiss plaintiff's case for failure to state a claim, and alternatively, for a judgment on the pleadings because the statute of limitations had expired. Defendants also moved to dismiss pursuant to Rule 41 for plaintiff's failure to comply with Rule 9(j). On 10 March 2008, following a hear-

3. There is no date stamp on the extension request and it is not clear from the record whether plaintiff filed it. It may have been attached to the complaint.

4. Defendants Patricia Evelyn Dix, N.P. and Eastern Carolina Family Practice P.A.

ing, the trial court allowed defendants' motion to dismiss pursuant to Rules 9(j), 12(b)(6), and 41 and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

Plaintiff argues that the trial court erred in dismissing his complaint because he sought and received a Rule 9(j) extension and filed his amended complaint complying with Rule 9(j) within the extended limitations period. We agree.

"[O]ur review of Rule 9(j) compliance is *de novo*, because such compliance 'clearly presents a question of law[.]' " *Smith v. Serro*, 185 N.C. App. 524, 527, 648 S.E.2d 566, 568 (2007) (quoting *Phillips v. Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002), *aff'd*, 357 N.C. 576, 597 S.E.2d 669 (2003) (per curiam)). Rule 9(j) states, in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:

(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;

. . . .

Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court for a judicial district in which venue for the cause of action is appropriate under G.S. 1-82 . . . may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action *in order to comply with this Rule*, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2007) (emphasis added).

Here, plaintiff's father died on 3 April 2004. Therefore, the statute of limitations would have expired, absent a Rule 9(j) extension, on 3 April 2006. Plaintiff, appearing *pro se*, filed the original complaint on 29 March 2006. On 31 March 2006, plaintiff filed a motion to extend the statute of limitations pursuant to Rule 9(j). Nothing in the statute

requires that a motion for the extension be granted prior to the expiration of the statute of limitations, only that the motion be brought prior to the expiration of the statute of limitations. Plaintiff complied with this requirement. Moreover, nothing in the statute requires that a plaintiff seek this extension prior to the filing of an "original" complaint, only that it be sought in order to file "a" complaint that complies with the pleading requirements.

As evidence of "good cause" and that "the ends of justice would be served" by granting an extension, plaintiff, appearing *pro se*, stated that he had consulted with expert witnesses who agreed that his case had merit but were unwilling to testify. On 24 May 2006, plaintiff, still appearing *pro se*, filed a request to amend his complaint to allege that he had consulted with experts prior to the filing of his complaint but that none were willing to express their opinions "on the record." No ruling was obtained, and no amended complaint was filed at that time.

The motion for Rule 9(j) extension was granted on 2 June 2006, setting the 120-day extension of time to run from 29 March 2006, the date the original complaint was filed. On 11 July 2006—within the extended limitations period—plaintiff, now represented by counsel, filed a motion to amend plaintiff's complaint, along with an amended complaint.[5] The amended complaint alleged: "The medical care at issue in this case has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care."

In *Thigpen v. Ngo*, 355 N.C. 198, 558 S.E.2d 162 (2002), our Supreme Court "granted discretionary review to determine if an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j)." *Id.* at 204, 558 S.E.2d at 166. Although the Court concluded that "[i]n light of the plain language of the rule, the title of the act, and the legislative intent . . . , it appears review must occur *before* filing to withstand dismissal[,]" *id.* (emphasis added), the Court also concluded that "once a party receives *and exhausts* the 120-day extension of time in

---

5. Leave was required only as to defendant Kindred Nursing Centers East, L.L.C. because none of the other defendants had answered the original complaint. On or about 9 November 2006, plaintiff voluntarily dismissed, with prejudice, Kindred Nursing Centers East, L.L.C., Kindred Healthcare Operating, Inc., and Kindred Healthcare, Inc.

order to comply with Rule 9(j)'s expert certification requirement, the party cannot amend a medical malpractice complaint to include expert certification." *Id.* at 205, 558 S.E.2d at 167 (emphasis added).

In *Thigpen*, the plaintiff had obtained a Rule 9(j) extension and filed an original complaint, without a Rule 9(j) certification, on the last day of the extended limitations period. *Id.* at 199-200, 558 S.E.2d at 164. Although the *amended* complaint contained an allegation that would satisfy the Rule 9(j) pleading requirements, it was not filed within the extended limitations period. *Id.* at 200, 558 S.E.2d at 164. In holding that a party cannot amend his complaint to comply with Rule 9(j) after exhausting the extended limitations period, *Thigpen* left open the possibility that an amended complaint *could* be filed prior to the exhaustion of the extension.

Ordinarily, the issue with an amended pleading is whether the amendment "relates back" to the original filing for statute of limitations purposes. Pursuant to the Rules of Civil Procedure,

> [a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2007). In *Thigpen*, our Supreme Court stated that "permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature." *Id.* at 204, 558 S.E.2d at 166. Our Supreme Court discounted this Court's discussion in the *Thigpen* case of the interplay between Rules 15 and 9(j), *id.* at 200, 558 S.E.2d at 164; however, because the amendment was filed *after* the statute of limitations had expired, there was a question of whether the amendment *could* "relate back" to the original complaint.

Clearly, the original complaint in *Thigpen* did not comply with Rule 9(j)'s pleading requirements. Pursuant to the Court's ruling, an amendment filed after the statute of limitations had expired could not cure the defect. Here, too, the original complaint did not comply with Rule 9(j)'s pleading requirements. However, even if plaintiff's original *pro se* complaint were treated as a legal nullity, the amended complaint, treated as an original complaint, filed within the extended limitations period, contains the requisite Rule 9(j) certification. Here, there is no need to invoke Rule 15's "relation back" doctrine.

**BROWN v. KINDRED NURSING CTRS. E., L.L.C.**

[196 N.C. App. 659 2009)]

The certification states that the case *has been reviewed* by an expert who was willing to testify. Pursuant to our standard of review on motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, we must treat this allegation as true. *See Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 480, 593 S.E.2d 595, 598 ("On a motion to dismiss pursuant to Rule 12(b)(6) . . . , the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." (internal quotation marks and citation omitted)), *disc. rev. denied*, 358 N.C. 543, 599 S.E.2d 48 (2004).

Although it is quite clear that plaintiff could not satisfy Rule 9(j) at the time he filed his original *pro se* complaint, in the time between that filing and the filing of the amended complaint, plaintiff, with the assistance of his newly acquired counsel, may have succeeded in locating expert witnesses who were willing to testify to a breach of the appropriate standard of care, thus satisfying Rule 9(j). According to his allegations, he did, in fact, locate such experts.

In establishing Rule 9(j), "[t]he legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint." *Thigpen* 355 N.C. at 203-04, 558 S.E.2d at 166. Perhaps anticipating that this more stringent procedure could impose a hardship, the legislature also included a provision allowing a trial court to extend the limitations period for up to 120 days—*in order to comply with this Rule*—upon a showing of good cause. Reversing the trial court in this case is consistent with both the legislature's intent to require expert certification and its intent to allow additional time to obtain such certification. Otherwise, the ability to obtain an extension would serve no purpose.

Because plaintiff met the requirements of Rule 9(j), the trial court erred in dismissing his complaint. As our holding on plaintiff's first argument is dispositive, we need not address his remaining argument.

Reversed.

Judge ELMORE dissents in a separate opinion.

Judge Robert C. HUNTER concurs.

ELMORE, Judge, dissenting.

For the reasons stated below, I respectfully dissent from the majority opinion and would vote to affirm the order of the trial court. I would hold that the trial court properly dismissed plaintiff's claim for failure to comply with the plain language of Rule 9(j).

On 24 May 2006, plaintiff filed a request to amend his complaint. He explained:

> As my Motion for 9J Extension indicates, I did consult with two different physicians in the same area of specialization as Dr. Fergusion [sic] prior to the initial filing of this case which was March 29, 2006. Each physician came to the independent conclusion that there was significant evidence of gross medical malpractice on the part of Dr. Ferguson. However, neither one want [sic] to say so on the record. The complaint needs to be amended to express this fact.

> * * *

> I did consult with a registered nurse prior to the initial filing of this case which was March 29, 2006, [sic] the nurse came to the conclusion that standard nursing procedures and practices were not followed by the nursing staff at Guardian Care as regards patient Clamon Brown. The complaint needs to be revised to reflect this.

Plaintiff also filed a response to defendants' motions to dismiss on 31 May 2006, again explaining that he had consulted with two physicians who could have reasonably expected to qualify as expert witnesses, but that neither physician wished to share his opinion "on the record."

On 2 June 2006, the trial court granted "[p]laintiff's motion for a 120 day extension for filing a 9 J Statement" and made the motion retroactive to 29 March 2006. On 11 July 2006, plaintiff—now represented by counsel—again moved to file an amended complaint to include the Rule 9(j) pleading requirements. The first amended complaint, also filed 11 July 2006, included the following language:

> The medical care at issue in this case has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care.

**BROWN v. KINDRED NURSING CTRS. E., L.L.C.**

[196 N.C. App. 659 2009)]

On 10 March 2008, following a hearing, the trial court allowed defendants' motion to dismiss pursuant to Rules 9(j), 12(b)(6), and 41 and dismissed plaintiff's complaint with prejudice. Plaintiff now argues that, as a matter of course, he was entitled to an extension to file his 9(j) certification after he had already filed his medical malpractice complaint.

Rule 9(j) mandates that a medical malpractice claim be dismissed if it does not contain the required expert certification. *Thigpen v. Ngo*, 355 N.C. 198, 203, 558 S.E.2d 162, 166 (2002). Furthermore, "permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature." *Id.* at 204, 558 S.E.2d at 166.

In *Thigpen*, the Supreme Court "granted discretionary review to determine if an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j)." *Id.* at 204, 558 S.E.2d at 166-67. The Court concluded that such an allegation does not satisfy Rule 9(j):

To survive dismissal, the pleading must "specifically assert[] that the medical care *has been reviewed.*" N.C.G.S. § 1A-1, Rule 9(j), para. (1), (2) (emphasis added). Significantly, the rule refers to this mandate twice (in subsections (1) and (2)), and in both instances uses the past tense. *Id.* In light of the plain language of the rule, the title of the act, and the legislative intent previously discussed, it appears review must occur *before* filing to withstand dismissal. Here, in her amended complaint, plaintiff simply alleged that "plaintiff's medical care *has been reviewed* by a person who is reasonably expected to qualify as an expert witness." (Emphasis added.) There is no evidence in the record that plaintiff alleged the review occurred before the filing of the original complaint. . . . Allowing a plaintiff to file a medical malpractice complaint and to then wait until after the filing to have the allegations reviewed by an *Id.* expert would pervert the purpose of Rule 9(j).

*Id.* In my opinion, this language leaves no doubt that the questioned medical care must be reviewed *before* the plaintiff files his original complaint. Not only must this review occur before the plaintiff files his original complaint, but the review must be conducted by a person

who is reasonably expected to qualify as an expert witness and who is *willing to testify* as to that opinion.

Here, plaintiff's amended complaint uses language nearly identical to the language rejected in *Thigpen*. As in *Thigpen*, plaintiff did not specify that the review occurred before he filed his original complaint or present evidence to support such a statement. In fact, plaintiff's March 2006 filings all state that the medical care had been reviewed only by potential experts who were not willing to testify. The plaintiff in *Thigpen* merely suffered from an absence of evidence showing that the medical care had been properly reviewed before the original complaint was filed. Here, plaintiff himself filed affirmative statements that he had not obtained proper review of his father's medical care before filing his original complaint. Accordingly, I would hold that plaintiff did not meet the requirements for 9(j) certification and that the trial court properly dismissed his complaint.