DILLON, Judge.
 

 *228
 
 Timothy S. Boyd ("Plaintiff") appeals from the trial court's order dismissing his medical malpractice claims. For the following reasons, we reverse.
 

 I. Background
 

 Plaintiff's complaint asserts claims for medical malpractice against Defendants Gregory M. Rekuc, M.D., and Raleigh Adult Medicine, P.A., contending that Defendants' failure to provide him with up-to-date vaccinations proximately caused his suffering from a number of maladies. His action was dismissed because he did not file his complaint with the certification required by Rule 9(j) of the Rules of Civil Procedure within the applicable three (3) year statute of limitations. ( Rule 9(j) requires essentially that a medical malpractice complaint asserts that an expert has reviewed the relevant medical care and medical records and is willing to
 
 *917
 
 testify that the medical care provided by the defendants did not comply with the applicable standard of care.) The dates relevant to this appeal are as follows:
 

 On 16 March 2011, Plaintiff was last seen by Defendants.
 
 [1]
 

 On 14 March 2014, Plaintiff filed a medical malpractice complaint against Defendants in a prior action, within the applicable three (3) year
 
 *229
 
 statute of limitations; however, his complaint did not comply with the Rule 9(j) certification requirements.
 

 On 16 June 2014, Plaintiff voluntarily dismissed the prior action, pursuant to Rule 41 of the Rules of Civil Procedure.
 

 On 14 July 2014, Plaintiff commenced this present action, filing a complaint
 
 with
 
 the required Rule 9(j) certification. Specifically, the complaint asserted, not only that the Rule 9(j) expert review occurred, but also that the expert review occurred
 
 prior to 14 March 2014
 
 (when the first complaint was filed).
 

 On 12 January 2015, the trial court granted Defendants' motion to dismiss Plaintiff's complaint, concluding that the second complaint was not filed within the applicable statute of limitations. Plaintiff timely appealed.
 

 II. Analysis
 

 A.
 
 Brisson
 
 Controls Our Case
 

 The only issue on appeal is whether the trial court correctly concluded that Plaintiff's second complaint was barred by the applicable statute of limitations. We hold that the trial court erred in its conclusion. Specifically, where a plaintiff voluntarily dismisses a medical malpractice complaint which was timely filed in good faith but which lacked a required Rule 9(j) certification, said plaintiff may re-file the action after the expiration of the applicable statute of limitations
 
 provided that
 
 (1) he files his second action within the time allowed under Rule 41 and (2) the new complaint asserts that the Rule 9(j) expert review of the medical history and medical care occurred prior to the filing of the original timely-filed complaint.
 

 This case involves the interplay between Rule 9(j) and Rule 41(a)(1) of our Rules of Civil Procedure.
 

 Rule 9(j) requires that a complaint alleging medical malpractice (where
 
 res ipsa loquitur
 
 does not apply) "shall be dismissed"
 
 unless
 
 the complaint specifically asserts that the relevant medical care and medical records have been reviewed by a qualified expert. N.C. Gen.Stat. § 1A-1, Rule 9(j) (2014). Rule 9(j) also provides that
 
 prior to the expiration of the applicable statute of limitations,
 
 a medical malpractice complainant may move the trial court for an order "to extend the statute of limitations for a period not to exceed 120 days ... in order to comply with this Rule[.]"
 
 Id.
 

 *230
 
 Rule 41(a)(1) allows a plaintiff to dismiss
 
 any
 
 action voluntarily prior to resting his case.
 
 Id.
 
 § 1A-1, Rule 41(a)(1). The Rule further provides essentially that, where the dismissed action was filed within the applicable statute of limitations, said plaintiff can commence a new action (based on the same claim) outside of the applicable statute of limitations so long as the new action is commenced
 
 within one year
 
 after the original action was dismissed.
 
 See
 

 Bockweg v. Anderson,
 

 333 N.C. 486
 
 , 489,
 
 428 S.E.2d 157
 
 , 159 (1993).
 

 The relevant facts in the present case are essentially "on all fours" with our Supreme Court's 2000 opinion in
 
 Brisson v. Santoriello,
 

 351 N.C. 589
 
 ,
 
 528 S.E.2d 568
 
 (2000). In
 
 Brisson,
 
 the relevant timeline was as follows:
 

 27 Jul 1994-Alleged malpractice occurred (Three-year statute of limitations);
 

 3 Jun 1997-Complaint filed just within the applicable statute of limitations,
 
 but without
 
 the proper Rule 9(j) certification;
 

 6 Oct 1997-Plaintiff voluntarily dismisses the action pursuant to Rule 41 ;
 

 *918
 
 9 Oct 1997-A second action filed
 
 with
 
 Rule 9(j) certification. The certification asserted, not only that an expert review had occurred, but also that the review took place
 
 prior to
 
 the filing of the
 
 original
 
 complaint, though the certification was "inadvertently omitted from the [original complaint][.]"
 

 Id.
 

 at 592
 
 ,
 
 528 S.E.2d at 569
 
 .
 

 Based on these facts, our Supreme Court held that the second action was not time-barred since it was filed within one year of the Rule 41(a)(1) voluntary dismissal.
 

 Id.
 

 at 597
 
 ,
 
 528 S.E.2d at 573
 
 . The Court stated that "[t]he only limitations are that the [voluntary] dismissal [of the first action] not be done in bad faith and that it be done prior to a trial court's ruling dismissing plaintiff's claim or otherwise ruling against plaintiff at any time prior to plaintiff resting his or her case at trial."
 

 Id.
 

 Therefore,
 
 Brisson
 
 essentially allows a plaintiff who has filed a defective medical malpractice complaint to voluntarily dismiss the action to gain a year to file a complaint which complies with Rule 9(j). Of note, the Court did not
 
 expressly rely
 
 in its holding on the fact that the second complaint asserted that the Rule 9(j) review had occurred prior to the filing of the original complaint.
 

 *231
 
 The Supreme Court has clarified
 
 Brisson
 
 on three separate occasions of note; however, that Court has never overruled
 
 Brisson.
 
 Our Court has also commented on
 
 Brisson
 
 and Rule 9(j) on a number of occasions. The key cases from the past sixteen (16) years are discussed below, with an emphasis on the Supreme Court's holdings.
 

 Essentially, the Supreme Court cases stand for the following: A medical malpractice complaint which fails to include the required Rule 9(j) certification is subject to dismissal with prejudice pursuant to Rule 9(j). Prior to any such dismissal, however, said plaintiff may amend or refile (pursuant to Rules 15 or 41, respectively) the complaint with the proper Rule 9(j) certification. Further, if such subsequent complaint is filed after the applicable statute of limitations has expired but which otherwise complies with Rule 15 or 41, the subsequent complaint is not time-barred
 
 if
 
 it asserts that the Rule 9(j) expert review occurred
 
 before the original complaint was filed.
 

 2002: Supreme Court Opinion-Thigpen v. Ngo
 

 The
 
 first
 
 occasion of note in which our Supreme Court addressed
 
 Brisson
 
 was in 2002 in
 
 Thigpen v. Ngo,
 

 355 N.C. 198
 
 ,
 
 558 S.E.2d 162
 
 (2002). Here, our Supreme Court held that if a complaint
 
 which lacks the required Rule 9(j) certification
 
 is amended pursuant to Rule 15 to include the certification, the amended complaint
 
 will not relate back
 
 to the original complaint (for statute of limitations purposes)
 
 unless
 
 the amended complaint asserts that the Rule 9(j) expert review occurred
 
 prior to
 
 the filing of the
 
 original
 
 complaint.
 

 Id.
 

 at 204
 
 ,
 
 558 S.E.2d at 166
 
 .
 
 Thigpen
 
 did not involve a Rule 41(a)(1) dismissal, thereby distinguishing that case from
 
 Brisson.
 
 The Court, though, did comment on
 
 Brisson,
 
 stating that a plaintiff who fails to include the Rule 9(j) certification could take a voluntary dismissal "to effectively extend the statute of limitations."
 

 Id.
 

 at 201
 
 ,
 
 558 S.E.2d at 164
 
 .
 

 2004: Supreme Court Adopts Dissent from our Court in Bass v. Durham County
 

 The
 
 second
 
 important Supreme Court decision was actually a short statement reversing an opinion of our Court "[f]or the reasons stated in the dissenting opinion[.]"
 
 Bass v. Durham Cnty.,
 

 358 N.C. 144
 
 ,
 
 592 S.E.2d 687
 
 (2004) (per curiam).
 
 Bass
 
 involved the interplay of the Rule 9(j) certification, Rule 9(j)'s 120-day extension provision and Rule 41(a)(1) with the following factual timeline:
 

 Aug 1996-Date of alleged malpractice (three-year statute of limitations);
 

 *232
 
 Aug 1999-Three years after the alleged malpractice, instead of filing a complaint, the plaintiff obtains 120-day extension from the trial court, as allowed by Rule 9(j) ;
 

 2 Dec 1999-On the 120th day from the extension order, the plaintiff files the complaint, but without the required Rule 9(j) certification;
 

 13 Dec 1999-After the 120-day extension expired, the plaintiff files an amended complaint
 
 with
 
 a Rule 9(j) certification;
 

 *919
 
 29 May 2001-Plaintiff voluntarily dismisses the complaint;
 

 12 Jun 2001-Plaintiff files a new action with a Rule 9(j) certification. However, the record on appeal reflects that the certification in this new complaint did
 
 not
 
 assert whether the Rule 9(j) expert review had occurred prior to the filing of the original complaint;
 

 26 Oct 2001-Trial court dismisses all of the plaintiff's claims.
 

 On appeal, in a 2-1 decision, our Court reversed the trial court's dismissal, relying on
 
 Brisson
 
 to conclude that the 12 June 2001 complaint in the second action was not time-barred since Rule 41 can be used to cure the defects of a timely filed complaint.
 
 Bass v. Durham Cnty.,
 

 158 N.C.App. 217
 
 , 222,
 
 580 S.E.2d 738
 
 , 741 (2003),
 
 rev'd,
 

 358 N.C. 144
 
 ,
 
 592 S.E.2d 687
 
 (2004).
 

 Judge Tyson, however, issued a dissenting opinion,
 
 see
 

 158 N.C.App. at 223
 
 ,
 
 580 S.E.2d at 742
 
 (Tyson, J., dissenting), which was adopted by the Supreme Court,
 
 see
 

 358 N.C. 144
 
 ,
 
 592 S.E.2d 687
 
 (2004). In his dissent, Judge Tyson concluded that the majority had misapplied
 
 Brisson.
 

 158 N.C.App. at 223
 
 ,
 
 580 S.E.2d at 742
 
 . He concluded that
 
 Thigpen,
 
 in fact, controlled.
 
 Id.
 
 at 224-25,
 
 580 S.E.2d at 743
 
 . Judge Tyson, though, never stated that the Supreme Court in
 
 Thigpen
 
 had overruled
 
 Brisson,
 
 but rather stated that the "[t]he facts of
 
 Brisson
 
 are distinguishable from the case at bar."
 
 Id.
 
 at 224,
 
 580 S.E.2d at 743
 
 . Judge Tyson pointed out that the plaintiff in
 
 Bass
 
 did not file any complaint with the required Rule 9(j) certification until after the applicable statute of limitations had expired and the 120-day extension had run.
 
 Id.
 
 at 225,
 
 580 S.E.2d at 743
 
 . Moreover, though not
 
 expressly
 
 mentioned by Judge Tyson, the record on appeal reveals that the plaintiff never stated that the Rule 9(j) expert review had occurred prior to the filing of his first complaint, instead
 
 *233
 
 merely asserting that "[t]he medical care provided by Defendants has been reviewed by a person who is reasonably expected to qualify as an expert witness[.]"
 
 Bass,
 
 No. COA02-841, Record on Appeal at 15, 42. Therefore, just as in
 
 Thigpen,
 
 a certification in a new pleading which asserts that a Rule 9(j) expert review had been conducted does not relate back to a prior defective pleading where the new pleading fails to assert that the review took place before the filing of the original (defective) pleading.
 

 In
 
 dicta,
 
 Judge Tyson noted that the second complaint in
 
 Brisson
 
 was filed,
 
 not only
 
 within the one-year period allowed for in Rule 41(a)(1),
 
 but also
 
 within 120 days of the expiration of the applicable statute of limitations, opining that the second complaint "would have been timely filed if plaintiffs had requested and received the 120-day extension."
 
 Id.
 
 at 224,
 
 580 S.E.2d at 743
 
 .
 

 2005-2010: Court of Appeal's Conflicting Interpretations of Brisson, Thigpen, and Bass
 

 In 2005, Judge (now Justice) Jackson, writing for our Court, applied
 
 Bass, Thigpen,
 
 and
 
 Brisson
 
 to conclude essentially that a complaint with a Rule 9(j) certification did not relate back to a prior complaint which was voluntarily dismissed where the second complaint failed to assert that the Rule 9(j) expert review occurred prior to the filing of the first complaint.
 
 In re
 

 Barksdale v. Duke Univ. Med. Ctr.,
 

 175 N.C.App. 102
 
 , 107-08,
 
 623 S.E.2d 51
 
 , 55-56 (2005) (noting that the plaintiff had admitted that the expert review occurred "well after the filing of the initial complaint"). Specifically, Judge (now Justice) Jackson honed in on language from our Supreme Court in
 
 Thigpen,
 
 stating that the General Assembly intended for the expert review to be a prerequisite of filing a malpractice complaint and that "permitting [the] amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature."
 

 Id.
 

 at 107
 
 ,
 
 623 S.E.2d at 55
 
 (quoting
 
 Thigpen,
 

 355 N.C. at 203-04
 
 ,
 
 558 S.E.2d at
 
 166 ).
 

 In 2006, however, our Court issued an opinion which interpreted the interplay of
 
 Brisson, Thigpen,
 
 and
 
 Bass
 
 a little differently.
 
 See
 

 Ford v. McCain,
 

 192 N.C.App. 667
 
 ,
 
 666 S.E.2d 153
 
 (2008). Specifically, the
 
 Ford
 
 panel stated that Judge Tyson's
 
 dicta
 
 in
 
 Bass
 
 (referred to herein above) effectively limited
 
 Brisson
 
 to actions where the second complaint is filed
 
 within 120 days
 
 after the statute
 
 *920
 
 of limitations has expired, because Rule 9(j) otherwise allows a complainant to seek a
 
 *234
 
 120-day extension of the statute of limitations. The
 
 Ford
 
 panel so held even though Rule 41 makes no mention of a 120-day timeframe and even though the plaintiff in
 
 Brisson,
 
 never sought a 120-day extension.
 

 Id.
 

 at 672 n. 1,
 
 666 S.E.2d at
 
 157 n. 1.
 
 [2]
 

 2010: Our Supreme Court Speaks Again in Brown v. Kindred Nursing
 

 In 2010, our Supreme Court, on the
 
 third
 
 (and most recent) occasion of note, commented on
 
 Brisson
 
 in the case of
 
 Brown v. Kindred Nursing,
 

 364 N.C. 76
 
 , 82-83,
 
 692 S.E.2d 87
 
 , 91 (2010). In
 
 Brown,
 
 the Supreme Court
 
 reaffirmed
 
 its holding in
 
 Brisson.
 

 Id.
 
 at 82,
 
 692 S.E.2d at 91
 
 . The Court essentially reconciled
 
 Brisson
 
 with its other holdings in the same way Judge (now Justice) Jackson had done in
 
 Barksdale. See
 

 id.
 
 at 82-83,
 
 692 S.E.2d at 91
 
 . Essentially, the Supreme Court stated that a complaint containing the required Rule 9(j) certification filed
 
 after
 
 the applicable statute of limitations has expired will relate back to a prior, voluntarily dismissed complaint
 
 if
 
 (1) the refiled complaint is filed within one year of the dismissal of the first complaint
 
 and
 
 (2) the refiled complaint states that the Rule 9(j) expert review took place
 
 prior to
 
 the filing of the
 
 original
 
 action.
 
 See
 
 id.
 

 Specifically, the Court stated that under
 
 Brisson,
 
 " Rule 9(j) does not prevent parties from voluntarily dismissing a nonconforming complaint and filing a new complaint with proper certification," emphasizing that "in
 
 Brisson,
 
 the plaintiffs had complied with every portion of Rule 9(j) except for including the certification in the [original] complaint."
 
 Id.
 
 at 82,
 
 692 S.E.2d at 91
 
 . The Supreme Court did not state that
 
 Brisson
 
 only applied where the second action is filed within 120 days of the statute of limitations, rather than to all actions filed within one year of the dismissal of the prior complaint as allowed under Rule 41. Rather, under
 
 Brown,
 
 it appears that a plaintiff can utilize the entire year allowed for under Rule 41 to refile the action, provided that the new action asserts that the expert review occurred prior to the filing of the first action.
 

 2011-2016: Decisions from the Court of Appeals
 

 In 2011, our Court issued a decision, stating that "[b]ased on the facts of the instant case,
 
 Brisson
 
 was overruled by the Supreme Court in
 
 Bass.
 
 "
 
 McKoy v. Beasley,
 

 213 N.C.App. 258
 
 , 263,
 
 712 S.E.2d 712
 
 , 717 (2011). This statement from our Court cannot stand for the proposition
 
 *235
 
 that
 
 Brisson
 
 was overruled
 
 in its entirety,
 
 for such a reading would conflict with our Supreme Court's opinion in
 
 Brown.
 
 (Notably, our
 
 McKoy
 
 decision never mentions
 
 Brown.
 
 ) In any event, the
 
 McKoy
 
 case involved a plaintiff who filed a wrongful death claim within the applicable statute of limitations but
 
 without
 
 a Rule 9(j) certification. After said action was dismissed without prejudice, the plaintiff filed a new action outside of the applicable statute of limitations which contained a Rule 9(j) certification.
 
 Id.
 
 at 260-61,
 
 712 S.E.2d at 713-14
 
 . Though not expressly stated in the opinion, the record on appeal in
 
 McKoy
 
 reveals that the new complaint failed to state whether the Rule 9(j) expert review took place before the filing of the original action.
 
 McKoy,
 
 No. COA09-1315, Record on Appeal at 6-7. Furthermore, we believe that, for this reason, the holding in
 
 Brisson
 
 was not applicable to
 
 McKoy.
 
 That is, to the extent that
 
 Brisson
 
 could have been read to allow a Rule 41 dismissal to save
 
 any
 
 type of Rule 9(j) defect in a medical malpractice complaint (even where the plaintiff failed to have a medical review conducted prior to filing said complaint),
 
 Brisson
 
 had been "overruled" (or, more accurately, narrowed) by
 
 Thigpen
 
 and
 
 Bass:
 
 The extra time provided in Rule 41 to file a second action can only save an otherwise time-barred second complaint if the second complaint asserts that the expert review was conducted prior to the filing of the original
 
 *921
 
 complaint.
 
 [3]
 

 As recently as January of this year (2016), our Court has acknowledged that
 
 Brisson
 
 remains good law, allowing "a 9(j) deficient complaint to be dismissed [pursuant to Rule 41 ] and then re-filed with a sufficient 9(j) statement within one year of dismissal."
 
 Alston v. Hueske,
 
 ---N.C.App. ----, ----,
 
 781 S.E.2d 305
 
 , 310-11 (2016).
 

 B. Rule 9(j)'s 120-Day Extension Provision
 

 Defendants make mention of Rule 9(j)'s provision allowing a plaintiff to seek from the trial court an order extending the statute of limitations by 120 days to allow the plaintiff additional time to comply with the requirements of the Rule. However, here, this provision does not come into play since Plaintiff never sought a 120-day extension of the statute of limitations. Further, though not relevant here, we point out that it is not entirely clear from case law whether a complaint is time-barred where it asserts that the expert review of the medical care and medical records occurred during a 120-day extension period granted by
 
 *236
 
 the trial court, rather than asserting that the review occurred before the running of the original statute of limitations.
 

 It could be argued from the text of the rule that the purpose of the 120-day extension is to allow a plaintiff additional time,
 
 not only
 
 to draft the required Rule 9(j) pleading
 
 but also
 
 to locate an expert to conduct the medical review, since the drafting of a pleading itself should not take that long if the review has, otherwise, already taken place. The Supreme Court in
 
 Thigpen
 
 suggested that the 120-day statute of limitations extension allows for the actual review to take place during this 120-day extension period.
 
 Thigpen,
 

 355 N.C. at 203-04
 
 ,
 
 558 S.E.2d at 166
 
 (stating that "[t]he legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification
 
 prior to the filing of a complaint
 
 " (emphasis added)).
 

 However, the Supreme Court held in
 
 Brown
 
 by a 4-3 decision that the 120-day extension allowed under Rule 9(j) can only be used "for the limited purpose of filing a complaint. [It cannot be used] ... to locate a certifying expert, add new defendants, and amend a defective pleading."
 
 364 N.C. at 84
 
 ,
 
 692 S.E.2d at 92
 
 . In
 
 Brown,
 
 the plaintiff filed a defective complaint and then obtained a 120-day extension, during which he obtained a certifying expert and filed an amended complaint.
 

 Id.
 

 The dissent in
 
 Brown
 
 interpreted the majority's holding to apply to
 
 any
 
 situation where a 120-day extension was obtained, not just situations where the plaintiff has already filed a complaint prior to obtaining the 120-day extension to file an amended complaint.
 

 Id.
 

 at 90
 
 ,
 
 692 S.E.2d at 95-96
 
 (Hudson, J., dissenting) (questioning the majority's reasoning that the purpose of providing for a 120-day extension was to allow a plaintiff an additional four (4) months merely to draft an appropriate Rule 9(j) statement).
 

 In 2016, though, our Court, in
 
 Alston,
 
 interpreted
 
 Brown
 
 much more narrowly than suggested by the
 
 Brown
 
 dissent. That is, our Court stated that
 
 Brown
 
 prevents a plaintiff from utilizing a 120-day extension to locate a certifying expert
 
 only if
 
 he has already filed a defective complaint prior to obtaining the extension.
 
 Alston,
 
 --- N.C.App. at ----,
 
 781 S.E.2d at 309
 
 (stating that " Rule 9(j) also provides an avenue to extend the statute of limitations in order to provide additional time, if needed, to meet the expert review requirement," but that the extension "may not be used to amend a previously filed complaint").
 

 *237
 
 We need not resolve this question in this appeal, however, since the issue is not before us.
 

 III. Conclusion
 

 Based on our Supreme Court's holdings in
 
 Brisson, Thigpen, Bass,
 
 and
 
 Brown,
 
 we hold that the trial court erred in its order dismissing Plaintiff's complaint: Plaintiff filed his original complaint within the applicable statute of limitations. Though his original
 
 *922
 
 complaint was filed without the required Rule 9(j) certification and, therefore, subject to be dismissed with prejudice,
 
 see
 
 N.C. Gen.Stat. § 1A-1, Rule 9(j), Plaintiff voluntarily dismissed his original complaint pursuant to Rule 41(a)(1) before any such dismissal with prejudice occurred. He, then, refiled his complaint within the one year time period allowed under Rule 41, and asserted in said complaint that the expert review of his medical care and history had been conducted prior to the filing of the original complaint. Therefore, we reverse the order of the trial court dismissing Plaintiff's complaint and remand the matter for further proceedings not inconsistent with this opinion.
 

 REVERSED AND REMANDED.
 

 Chief Judge McGEE and Judge DAVIS concur.
 

 [1]
 

 Plaintiff claims that he was still under the care of Defendants as of 25 April 2011 when he was admitted to Wake Medical Center where he was diagnosed with his various maladies. However, for purposes of resolving this appeal, it does not matter whether the date Defendants last provided care was on 16 March or 25 April.
 

 [2]
 

 Even assuming that
 
 Brisson
 
 only applies to second actions (commenced following a voluntary dismissal of a first action) filed within 120 days of the statute of limitations expiration, rather than all those filed within one year of the dismissal of the prior action as allowed under Rule 41, we note that, here, the second action was filed within 120 days of the expiration of the applicable statute of limitations.
 

 [3]
 

 There is language in
 
 McKoy
 
 which could be read to suggest that Rule 41 cannot be used even to save a defective complaint where the expert review had already occurred. However, such a reading would totally eradicate any precedential value of
 
 Brisson
 
 and be at odds with the reasoning in
 
 Thigpen.