STEPHENS, Judge.
 

 *494
 
 This appeal presents the issue of whether a trial court abused its discretion in denying Plaintiff's motion to amend a timely-filed complaint alleging medical malpractice in order to clarify a defective Rule 9(j) certification where (1) the motion to amend is made after the statute of limitations has expired, but (2) the evidence is undisputed that the actual Rule 9(j) review took place before the complaint was filed. Because Plaintiff's amended complaint would not relate back to the filing date of the original complaint, making the amendment futile, we are constrained to affirm the trial court's denial of Plaintiff's motion to amend.
 

 *495
 

 Factual and Procedural Background
 

 On 3 May 2012, Plaintiff Maria Vaughan underwent a hysterectomy performed by Defendant Lindsay Mashburn, M.D., a physician practicing obstetrics and gynecology as an employee of Defendant Lakeshore Women's Specialists, PC. Vaughan alleges that, during the procedure, Mashburn inappropriately inflicted a surgical wound to Vaughan's right uterer. In preparation for filing a medical malpractice claim against Defendants, in mid-October 2014, Vaughan's trial counsel contacted Nathan Hirsch, M.D., a specialist in obstetrics and gynecology who had performed more than one hundred hysterectomies. Counsel sent Hirsch all medical records related to Defendants' alleged negligence for Hirsch's review as required by Rule 9(j) of the North Carolina Rules of Civil Procedure.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2015) (requiring that a medical malpractice "pleading specifically assert[ ] that the
 
 medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry
 
 have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care") (emphasis added). On 31 October 2014, Hirsch informed Vaughan's counsel that he had formed the opinion that the care and treatment provided to Vaughan by Defendants was a violation of the applicable standard of care and that he would testify to that opinion. Thus, the pre-suit review in Vaughan's case complied in all respects with the requirements of Rule 9(j).
 

 However, the medical malpractice complaint Vaughan filed on 20 April 2015 stated "the Plaintiff avers that
 
 the medical care
 
 received by Maria Vaugh[a]n complained of herein
 
 has been reviewed
 
 ...." (Emphasis added). This certification language comes from a prior version of Rule 9(j) :
 
 [1]
 

 The
 
 medical care
 
 in this action has been reviewed by persons reasonably expected to qualify as expert witnesses pursuant to Rule 702 of the North Carolina Rules of Evidence and are willing to testify that the medical care
 
 *496
 
 in this case did not comply with the applicable standard of care.
 

 N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (2009) (emphasis added). As Vaughan concedes, her
 
 *783
 
 certification omitted the required assertion that "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" were reviewed by the medical expert.
 

 On 10 June 2015, Mashburn filed a motion to dismiss pursuant to Rule of Civil Procedure 12(b)(6), asserting that the complaint failed to state a claim upon which relief can be granted. On 12 June 2015, Defendants filed an answer, incorporating Mashburn's motion to dismiss by reference. On 30 June 2015, Vaughan filed a motion for leave to file an amended complaint, seeking to amend the wording of the Rule 9(j) certification to clarify that "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" were reviewed by the medical expert. Attached to the motion to amend were an affidavit of Vaughan's trial counsel, an affidavit of Hirsch, and Vaughan's responses to Defendants' Rule 9(j) interrogatories, each of which indicated that Hirsch, who reasonably expected to qualify as an expert witness pursuant to Rule 702, had reviewed Vaughan's medical records before the complaint was filed.
 

 Following a hearing on 10 August 2015, on 27 August 2015, the trial court entered an order granting Defendants' motion to dismiss and denying Vaughan's motion to amend, stating two bases for its ruling:
 

 1. Plaintiff's Original Complaint, filed April 20, 2015, did not comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, as amended effective October 1, 2011, in that the pleading did not specifically assert that the Plaintiff's medical expert reviewed
 
 all medical records pertaining to the alleged negligence that are available to the Plaintiff after reasonably inquiry
 
 [and]
 

 2. Plaintiff's Motion for Leave to File an Amended Complaint, filed on June 30, 2015, is ... futile because the proposed amendment to Plaintiff's Original Complaint does not relate back to the filing date of Plaintiff's Original Complaint, and the statute of limitations ran on May 3, 2015.[ ]
 
 [2]
 

 *497
 
 (Emphasis in original). From that order, Vaughan gave written notice of appeal on 5 September 2015.
 

 Discussion
 

 Vaughan argues that the trial court erred in concluding that her proposed amendment was futile, and that, as a result, the court abused its discretion in denying her motion to amend and erred in dismissing the action. Specifically, Vaughan contends that the trial court was acting under a misapprehension of law, to wit, that Vaughan's proposed amended complaint did not relate back to the date of the filing of the original complaint even though "uncontroverted evidence showed that an appropriate expert review occurred before the filing of the original complaint." We are constrained by recent precedent to reject this argument.
 

 Motions to amend are governed by N.C. Gen. Stat. § 1A-1, Rule 15. Rule 15(a) provides that:
 

 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 

 Generally, Rule 15 is construed liberally to allow amendments where the opposing party will not be materially prejudiced. Our standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion.
 

 Fintchre v. Duke Univ.
 
 , --- N.C. App. ----, ----,
 
 773 S.E.2d 318
 
 , 322-23 (2015) (citations and brackets omitted). Futility of amendment is one reason that may justify a denial of a motion to amend.
 

 Id.
 

 at ----,
 
 773 S.E.2d at 323
 
 . However, "[w]hen discretionary rulings are made under a misapprehension of the
 
 *784
 
 law, this may constitute an abuse of discretion."
 
 Rutherford Elec. Mbrshp. Corp. v. 130 of Chatham, LLC
 
 ,
 
 236 N.C.App. 86
 
 ,
 
 763 S.E.2d 296
 
 , 299 (2014) (citations and internal quotation marks omitted),
 
 appeal dismissed and disc. review denied
 
 ,
 
 368 N.C. 244
 
 ,
 
 769 S.E.2d 192
 
 (2015).
 
 *498
 
 Here, the trial court concluded that allowing Vaughan's motion to amend would be futile because the amended complaint would not relate back to the filing date of her original complaint, a matter controlled by subsection (c) of Rule 15:
 

 A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
 

 N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015). In the two decades since Rule 9(j) was enacted, our State's appellate courts have frequently considered the interplay between its certification requirements and the amendment and "relate back" provisions of Rule 15(a) and (c).
 

 " Rule 9(j) serves as a gatekeeper, enacted by the legislature, to prevent frivolous malpractice claims by requiring expert review
 
 before
 
 filing of the action. Rule 9(j) thus operates as a preliminary qualifier to control pleadings rather than to act as a general mechanism to exclude expert testimony."
 
 Moore v. Proper
 
 ,
 
 366 N.C. 25
 
 , 31,
 
 726 S.E.2d 812
 
 , 817 (2012) (citation and internal quotation marks omitted; emphasis in original). Soon after Rule 9(j) was enacted, this Court held that "a medical malpractice complaint that fails to include [
 
 any
 
 ] Rule 9(j) certification [cannot] be subsequently amended pursuant to Rule 15 to include the Rule 9(j) certification."
 
 Keith v. N. Hosp. Dist.
 
 ,
 
 129 N.C.App. 402
 
 , 404,
 
 499 S.E.2d 200
 
 , 202,
 
 disc. review denied
 
 ,
 
 348 N.C. 693
 
 ,
 
 511 S.E.2d 646
 
 (1998). More recently, our Supreme Court held that "permitting amendment of a complaint to add the expert certification where the expert review occurred
 
 after
 
 the suit was filed would conflict directly with the clear intent of the legislature."
 
 Thigpen v. Ngo
 
 ,
 
 355 N.C. 198
 
 , 204,
 
 558 S.E.2d 162
 
 , 166 (2002) (emphasis added). Vaughan cites
 
 Thigpen
 
 as controlling the outcome of her appeal and "establish[ing] that a medical malpractice plaintiff may amend [her] Rule 9(j) certification and receive benefit of relation back under Rule 15 so long as there is evidence 'the review occurred before the filing of the original complaint' in the form of an affidavit or otherwise," such as the evidence presented to the trial court by Vaughan.
 

 We believe that
 
 Thigpen
 
 differs factually and procedurally from Vaughan's case in several respects, including that Thigpen actually filed an amended medical malpractice complaint to cure her failure to include
 
 any
 
 Rule 9(j) certification in her original complaint.
 

 *499
 

 Id.
 

 at 200
 
 ,
 
 558 S.E.2d at 164
 
 . "[S]ix days after the statute of limitations expired, [the] plaintiff filed an amended complaint including a certification that the 'medical care has been reviewed' by someone who would qualify as an expert."
 

 Id.
 

 The plaintiff's case was dismissed by the trial court for failure to comply with the requirements of Rule 9(j).
 

 Id.
 

 Thus, among other issues, the Supreme Court considered whether
 

 an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j). We hold it does not. ... In light of the plain language of the rule, the title of the act, and the legislative intent previously discussed, it appears review must occur
 
 before
 
 filing to withstand dismissal. Here, in her amended complaint, [the] plaintiff simply alleged that [the] plaintiff's medical care
 
 has been reviewed
 
 by a person who is reasonably expected to qualify as an expert witness. There is no evidence in the record that plaintiff alleged the review occurred
 
 before
 
 the filing of the original complaint. Specifically, there was no affirmative affidavit or date showing that the review took place before the statute of limitations expired. Allowing a plaintiff to file a medical malpractice complaint and to then wait until after the filing to have the allegations reviewed by an expert would pervert the purpose of Rule 9(j).
 

 *785
 

 Id.
 

 at 204
 
 ,
 
 558 S.E.2d at 166-67
 
 (citation, internal quotation marks, and some brackets omitted; some emphasis added). In other words, the Court held that, where an amended complaint is allowed to correct a flawed Rule 9(j) certification, the amendment must specify that the required review occurred before the
 
 original complaint was filed
 
 in order to satisfy the requirements of Rule 9(j). However, contrary to Vaughan's assertion on appeal, the above-quoted language does not stand for the proposition that the inclusion of an "affirmative affidavit or date showing that the review took place before the statute of limitations expired" will entitle a plaintiff to (1) amend her Rule 9(j) certification or (2) receive benefit of relation back under Rule 15. In
 
 Thigpen
 
 , our Supreme Court simply did not address those questions, as it noted in holding that discretionary review had been improvidently allowed as to the issue "of whether a plaintiff who files a complaint without expert certification pursuant to Rule 9(j) can cure that defect after the applicable statute of limitations expires by amending the complaint as a matter of right and having that amendment relate back to the date of the
 
 *500
 
 original complaint."
 

 Id.
 

 at 204-05
 
 ,
 
 558 S.E.2d at 167
 
 . Thus,
 
 Thigpen
 
 is inapposite to Vaughan's appeal.
 

 Instead, we conclude that this Court's recent decisions in
 
 Alston v. Hueske
 
 , --- N.C. App. ----,
 
 781 S.E.2d 305
 
 (2016) and
 
 Fintchre
 
 ,
 
 supra
 
 , are dispositive and require that we affirm the decision of the trial court in Vaughan's case.
 

 In
 
 Alston
 
 , as here, we reviewed a trial court's denial of a plaintiff's motion to amend her medical malpractice complaint to comply with the Rule 9(j) certification requirement and the court's resulting dismissal of the plaintiff's entire action.
 
 Id.
 
 at ----,
 
 781 S.E.2d at 307
 
 . The
 
 Alston
 
 plaintiff's original complaint alleged compliance with Rule 9(j) as follows:
 

 29. Prior to commencing this action,
 
 the medical records were reviewed and evaluated by a duly Board Certified
 
 [sic] who opined that the care rendered to Decedent was below the applicable standard of care.
 

 30. ... The medical care referred to in this complaint has been reviewed by person(s) who are reasonably expected to qualify as expert witnesses, or whom the plaintiff will seek to have qualified as expert witnesses under Rule 702 of the Rules of Evidence, and who is willing to testify that the medical care rendered [to the] plaintiff by the defendant(s) did not comply with the applicable standard of care.
 

 Id.
 

 (emphasis added). This Rule 9(j) certification, like that in Vaughan's original complaint, did not track the statutory language. Like Vaughan, alerted to this defect by the defendant's answer and motion to dismiss
 
 after
 
 the expiration of the statute of limitations, the plaintiff "requested leave to amend the pleadings in order to clearly comply with Rule 9(j)...."
 

 Id.
 

 "[T]he trial court denied the [plaintiff's] request under Rule 15(a).... reason[ing that] the legislature intended 9(j) be satisfied from the beginning, at the time the complaint was filed."
 

 Id.
 

 On appeal, the plaintiff first argued that the trial court erred in dismissing the complaint under "a hyper-technical reading of the rule [that] conflicts with the purpose of Rule 9(j), to prevent frivolous malpractice claims [because a] reading of the whole record show[ed] that [the plaintiff's] claim is not frivolous."
 

 Id.
 

 at ----,
 
 781 S.E.2d at 310
 
 . We rejected this contention, noting that
 

 Rule 9(j) requires "the medical care and all medical records" be reviewed by a person reasonably expected to
 
 *501
 
 qualify as an expert witness and who is willing to testify the applicable standard of care was not met. According to the complaint, the medical care was reviewed by someone reasonably expected to qualify as an expert witness who is willing to testify that [the] defendants did not comply with the applicable standard of care. However, the complaint alleges medical records were reviewed by a "Board Certified" that said the care was below the applicable standard of care. Thus, the complaint does not properly allege the medical records were reviewed by a person reasonably expected to qualify as an expert witness.
 

 Id.
 

 In so holding, this Court noted that, due to the imprecise language of the certification in the original complaint, the Court did "not have enough information to evaluate whether
 
 *786
 
 this witness could reasonably be expected to qualify as an expert in this case."
 

 Id.
 

 The
 
 Alston
 
 Court then considered the trial court's denial of the plaintiff's motion to amend her original complaint so as to clarify her compliance with the requirements of Rule 9(j). Citing
 
 Keith
 
 , the Court observed that, "[b]ecause the legislature has required strict compliance with this rule, our courts have ruled that if a pleader fails to properly plead his case in his complaint, it is subject to dismissal without the opportunity for the plaintiff to amend his complaint under Rule 15(a) [,]" and that, further, "[b]ecause th[e] plaintiff did not file the complaint with the proper Rule 9(j) certification before the running of the statute of limitation, the complaint cannot have been deemed to have commenced within the statute."
 

 Id.
 

 at ----,
 
 781 S.E.2d at 310, 311
 
 .
 

 Vaughan attempts to distinguish
 
 Alston
 
 from her own case by noting that, unlike in
 
 Alston
 
 where the Court did "not have enough information to evaluate whether th[e] witness could reasonably be expected to qualify as an expert[,]"
 

 id.
 

 at ----,
 
 781 S.E.2d at 310
 
 , here the evidence is undisputed that Vaughan fully complied with the review requirements of Rule 9(j)
 
 before
 
 the complaint was filed. However, in affirming the trial court's denial of the plaintiff's motion to amend, the
 
 Alston
 
 Court did not discuss or even mention the lack of clarity regarding whether the review required by Rule 9(j) had actually been completed before the original complaint was filed.
 
 See
 

 id.
 

 at ----,
 
 781 S.E.2d at 310-11
 
 . Likewise, the Court did not qualify its holding that, where a "plaintiff did not file the complaint with the proper Rule 9(j) certification before the running of the statute of limitation, the complaint cannot have been deemed to have commenced within the statute."
 

 Id.
 

 at ----,
 
 781 S.E.2d at 311
 
 .
 

 *502
 
 In
 
 Fintchre
 
 , this Court also considered the interplay of Rule 9(j) and Rule 15. In that matter, as in Vaughan's case,
 

 the trial court concluded that [the] plaintiff had failed to file a complaint containing the required Rule 9(j) certification within three years of the acts that caused her alleged injuries based on [the] plaintiff's failure to allege that all medical records pertaining to the alleged negligence were reviewed by a person who [the] plaintiff reasonably expected to qualify as an expert witness. The trial court further concluded that [the] plaintiff's motion to amend the 9(j) certification in her second complaint ... was futile because the statute of limitations elapsed.
 

 --- N.C. App. at ----,
 
 773 S.E.2d at 323
 
 (internal quotation marks omitted). The plaintiff conceded that the language of the Rule 9(j) certification was deficient, but argued that,
 

 because she complied with the substantive requirements of Rule 9(j) before she filed her first action, filed her first action within the statute of limitations, and filed her second action within one year of taking a voluntary dismissal of her first action, the trial court should have granted her motion to amend the Rule 9(j) certification in her second complaint.
 

 Id.
 

 The
 
 Fintchre
 
 Court affirmed the trial court's dismissal of that plaintiff's action based on the futility of her motion to amend:
 

 Both complaints failed to allege that a person reasonably expected to qualify as an expert had reviewed all available medical records pertaining to the alleged negligence. Because the second complaint was filed following the expiration of the statute of limitations, [the] plaintiff must rely on the first complaint in order to have timely filed her medical malpractice action. We hold that
 
 where
 
 [
 
 the
 
 ]
 
 plaintiff failed to file a complaint including a valid Rule 9(j) certification within the statute of limitations, granting
 
 [
 
 the
 
 ]
 
 plaintiff's motion to amend her second complaint would have been futile
 
 , as the trial court found.
 

 Fintchre
 
 , --- N.C. App. at ----,
 
 773 S.E.2d at 325
 
 (emphasis added). As with
 
 Alston
 
 , Vaughan draws our attention to distinctions between her case and
 
 Fintchre
 
 , namely: (1) that
 
 Fintchre
 
 concerned the amendment of a complaint after a voluntary dismissal pursuant to Rule 41(a); and (2)
 

 *503
 
 that Vaughan, unlike the plaintiff in
 
 Fintchre
 
 , did not file
 
 two
 
 complaints with non-conforming Rule 9(j) certifications, the second of which was filed after notice of the first certification's deficiency. As with the distinctions Vaughan
 
 *787
 
 notes from
 
 Alston
 
 , we are not persuaded that these distinctions with
 
 Fintchre
 
 played a meaningful role in the Court's reasoning or holding. Indeed, as noted in the concurring opinion in
 
 Fintchre
 
 , in that matter, as here, it was clear that the plaintiff had actually complied with the substance of Rule 9(j) and that her certification failure did not violate the intent of the rule:
 

 [I]t is undisputed that [the] plaintiff complied with the requirement that her medical care and records be reviewed by a medical expert before her first complaint was filed and that [the] defendants had notice of that fact. Thus, the
 
 intent
 
 of Rule 9(j), to wit, requiring expert review of medical malpractice claims to prevent frivolous lawsuits, was plainly met before [the] plaintiff filed her first complaint. The obvious failure of [the] plaintiff's trial counsel to word the Rule 9(j) certification of compliance as specified in the statute is a highly technical failure which here results in the dismissal of a medical malpractice case which is
 
 not
 
 frivolous for the reasons Rule 9(j) is designed to prevent. I am thus sympathetic with the position of [the] plaintiff, who is thereby denied any opportunity to prove her claims before a finder of fact. I question whether such a harsh and pointless outcome was intended by our General Assembly in enacting Rule 9(j).
 

 Fintchre
 
 , --- N.C. App. at ----,
 
 773 S.E.2d at 327
 
 (Stephens, J., concurring) (emphasis in original).
 

 Nonetheless, in this appeal, Vaughan argues that the recent decision of this Court in
 
 Boyd v. Rekuc
 
 , --- N.C. App. ----,
 
 782 S.E.2d 916
 
 ,
 
 disc. review denied
 
 , --- N.C. ----,
 
 792 S.E.2d 517
 
 (2016), controls the outcome of her case and mandates that we reverse the trial court's dismissal. Because the opinion in
 
 Boyd
 
 addressed a different issue than that presented in Vaughan's appeal, we disagree.
 

 In
 
 Boyd
 
 , this Court addressed the interplay between Rule 9(j) and Rule of Civil Procedure 41(a), which
 

 allows a plaintiff to dismiss any action voluntarily prior to resting his case. ... [and], where the dismissed action was filed within the applicable statute of limitations, ... [to] commence a new action (based on the same claim)
 

 *504
 
 outside of the applicable statute of limitations so long as the new action is commenced within one year after the original action was dismissed.
 

 Id.
 

 at ----,
 
 782 S.E.2d at 917
 
 (citation and emphasis omitted). After "the trial court granted [the d]efendants' motion to dismiss [the p]laintiff's [second] complaint, concluding that [it] was not filed within the applicable statute of limitations[,]" the plaintiff timely appealed.
 

 Id.
 

 This Court reversed the trial court's dismissal, holding that
 

 where a plaintiff voluntarily dismisses a medical malpractice complaint which was timely filed in good faith but which lacked a required Rule 9(j) certification, said plaintiff may re-file the action after the expiration of the applicable statute of limitations provided that (1) he files his second action within the time allowed under Rule 41 and (2) the new complaint asserts that the Rule 9(j) expert review of the medical history and medical care occurred prior to the filing of the original timely-filed complaint.
 

 Id.
 

 (emphasis omitted). The Court reached this result after concluding that the "case involve[d] the interplay between Rule 9(j) and Rule 41(a)(1) of our Rules of Civil Procedure" and was "essentially 'on all fours' with our Supreme Court's 2000 opinion in
 
 Brisson v. Santoriello
 
 ,
 
 351 N.C. 589
 
 ,
 
 528 S.E.2d 568
 
 (2000)."
 

 Id.
 

 In her motion, Plaintiff specifically cites the following language in
 
 Boyd
 
 , purporting to summarize the holding of
 
 Brisson
 
 :
 

 A medical malpractice complaint which fails to include the required Rule 9(j) certification is subject to dismissal with prejudice pursuant to Rule 9(j). Prior to any such dismissal, however, said plaintiff may amend or refile (pursuant to Rules 15 or 41, respectively) the complaint with the proper Rule 9(j) certification. Further, if such subsequent complaint is filed after the applicable statute of limitations has expired but which otherwise complies with Rule 15 or 41, the subsequent complaint is not time-barred if it asserts that the Rule 9(j) expert review occurred before the original complaint was filed.
 

 *788
 

 Id.
 

 at ----,
 
 782 S.E.2d at 918
 
 . This language in
 
 Boyd
 
 is both dictum and erroneous in regard to the holding in
 
 Brisson
 
 . First, as noted
 
 supra
 
 , no issue regarding a Rule 15(a) amendment was before this Court in
 
 Boyd
 
 . Second, the Supreme Court did not consider the interplay of Rules 9(j)
 

 *505
 
 and 15(a) in
 
 Brisson
 
 . The plaintiff in
 
 Brisson
 
 filed a complaint lacking a proper Rule 9(j) certification, and the defendant moved to dismiss on that basis.
 
 351 N.C. at 591
 
 ,
 
 528 S.E.2d at 569
 
 . The plaintiff then filed a motion to amend the complaint per Rule 15(a), or in the alternative, to take a voluntary dismissal per Rule 41(a).
 

 Id.
 

 at 592
 
 ,
 
 528 S.E.2d at 570
 
 . The trial court denied the motion to amend, and the plaintiff subsequently took a voluntary dismissal and later filed a second complaint with the proper Rule 9(j) certification.
 

 Id.
 

 After the trial court dismissed the second complaint as barred by the statute of limitations, the plaintiff appealed.
 

 Id.
 

 In its opinion, the Supreme Court stated:
 

 We note at the outset that the Court of Appeals, in its opinion, addressed at length the effects of [the] plaintiffs' proposed amended complaint. We find that [the]
 
 plaintiffs' motion to amend, which was denied, is neither dispositive nor relevant to the outcome of this case
 
 . Whether the proposed amended complaint related back to and superceded the original complaint has no bearing on this case once [the] plaintiffs took their voluntary dismissal on 6 October 1997....
 

 The only issue for us to review on appeal is whether
 
 [
 
 the
 
 ]
 
 plaintiffs' voluntary dismissal pursuant to N.C.R. Civ. P. 41(a)(1) effectively extended the statute of limitations by allowing
 
 [
 
 the
 
 ]
 
 plaintiffs to refile their complaint against defendants within one year
 
 ,
 
 even though the original complaint lacked a Rule 9(j) certification
 
 . We hold that it does.
 

 Id.
 

 at 593
 
 ,
 
 528 S.E.2d at 570
 
 (emphasis added).
 
 [3]
 

 Therefore, we must reject Vaughan's assertion in her motion that
 

 Boyd
 
 unequivocally holds that a plaintiff may amend a medical malpractice complaint outside of the applicable statute of limitations in order to truthfully allege compliance with Rule 9(j) where the requisite review occurred prior to the filing of the first complaint. Further,
 
 Boyd
 
 establishes that it is error for the trial court to deny such an amendment based on futility.
 

 *506
 
 The issue of amending complaints was simply not before this Court in
 
 Boyd
 
 , and thus the opinion in that matter neither held nor established the points urged by Vaughan.
 

 For the reasons discussed above, we are again compelled by precedent to reach "a harsh and pointless outcome" as a result of "a highly technical failure" by Vaughan's trial counsel-the dismissal of a non-frivolous medical malpractice claim and the "den[ial of] any opportunity to prove her claims before a finder of fact."
 
 Fintchre
 
 , --- N.C. App. at ----,
 
 773 S.E.2d at 327
 
 (Stephens, J., concurring).
 

 Conclusion
 

 In sum, our case law establishes that, where a medical malpractice "plaintiff did not file the complaint with the
 
 proper
 
 Rule 9(j) certification
 
 before the running of the statute of limitation
 
 , the complaint cannot have been deemed to have commenced within the statute."
 
 Alston
 
 , --- N.C. App. at ----,
 
 781 S.E.2d at 311
 
 (emphasis added). Thus, "where [a] plaintiff failed to file a complaint including a
 
 valid
 
 Rule 9(j) certification
 
 within the statute of limitations
 
 , granting [the] plaintiff's motion to amend her second complaint would have been futile...."
 
 Fintchre
 
 , --- N.C. App. at ----,
 
 773 S.E.2d at 325
 
 (emphasis added). The trial court's conclusion that Vaughan's amendment would be futile was therefore correct under our established precedent and not a misapprehension of law. As a result, we cannot conclude that the trial court's denial of Vaughan's motion to amend was an abuse of discretion. Accordingly, the trial court's order denying that motion and dismissing Vaughan's medical malpractice complaint must be affirmed. While we are sympathetic to the arguments of Vaughan's
 
 *789
 
 able appellate counsel and appreciate the highly technical nature of our decision here, we are bound by our existing precedent. This Court simply does not have the authority to rule otherwise.
 

 AFFIRMED.
 

 Judges BRYANT and McCULLOUGH concur.
 

 [1]
 

 In 2011, our General Assembly amended Rule 9(j) to,
 
 inter alia
 
 , substitute "medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed" for "medical care has been reviewed" in subsections (j)(1) and (j)(2).
 
 See
 
 Session Law 2011-400, s. 3. This amendment thus created an additional requirement that plaintiffs certify the review of their medical
 
 records
 
 , as well as their medical
 
 care
 
 , by "persons reasonably expected to qualify as expert witnesses...."
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 9(j)(1).
 

 [2]
 

 Medical malpractice claims must be brought within three years of the last allegedly negligent act of the physician or medical care provider.
 
 See
 

 N.C. Gen. Stat. § 1-15
 
 (c) (2015).
 

 [3]
 

 The
 
 Fintchre
 
 Court also noted this critical difference in distinguishing
 
 Brisson
 
 , upon which the plaintiff in that case heavily relied with regard to her Rule 15(a) argument.
 
 See
 

 Fintchre
 
 , --- N.C. App. at ----,
 
 773 S.E.2d at 323-24
 
 .